Case 4:22-cv-00059   Document 6   Filed on 01/13/22 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. PETERS and D.G.P., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-22-0059 |
| | § | |
| TEXAS MEDICAL BOARD, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Michael G. Peters is an inmate in the Texas Department of Criminal Justice. In this suit under 42 U.S.C. § 1983, he and his minor son allege that the Texas Medical Board participated in a conspiracy to cover up the crimes of a non-party and to "to protect the corporations of Texas Children's Hospital and Baylor College of Medicine . . . ." The plaintiffs have not paid the filing fee. This action will be dismissed under 28 U.S.C. § 1915(e) and (g).

Under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee barring a show of imminent danger if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals which was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). Michael G. Peters had at least 13 such dismissals before filing his complaint in this case, and is no longer allowed to proceed without prepayment of fees. *See Peters v. Abbott*, No. 4:21-cv-3731 (S.D. Tex. Nov. 15, 2021); *Peters v. Texas Department of Criminal Justice*, No. 4:21-cv-3039 (S.D. Tex. Sept. 23, 2021); *Peters v. TDCJ*, No. 4:21-cv-2447 (S.D. Tex. July 29, 2021); *Peters v. Texas Department of Criminal Justice*, No. 3:21-cv-14 (S.D. Tex. Feb. 1, 2021); *Peters v. Texas Medical Board*, 4:15-cv-3021 (S.D. Tex. Oct. 30, 2015)*; Peters v. Rollins*, 4:15-cv-3036 (S.D. Tex. Oct. 27, 2015); *Peters v. Valigura*, 4:15-cv-3023 (S.D. Tex. Oct. 26, 2015); *Peters v. Duckworth*, 4:15-cv-3024 (S.D. Tex. Oct. 22, 2015); *Peters v. Harrison*,

4:15-cv-3037 (S.D. Tex. Oct, 19, 2015); *Peters v. BB&T Bank*, No. 4:15-cv-3035 (S.D. Tex. Oct. 15, 2015); *Peters v. Dreyer*, 4:15-cv-2899 (S.D. Tex. Oct. 14, 2015); *Peters v. Dreyer*, 4:15-cv-2900 (S.D. Tex. Oct. 6, 2015); *Peters v. Gilbert*, 4:15-cv-2762 (S.D. Tex. Oct. 1, 2015). Peters's allegations do not plead any facts showing that he is in any immediate danger which would warrant waiver of the fee requirement. *See Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

The other plaintiff, Peters's minor son, is presumably not incarcerated. When a plaintiff proceeds *in forma pauperis*, 28 U.S.C. § 1915(e) requires a federal district court to dismiss a case if the action fails to state a claim on which relief may be granted. Section 1915(e)(2)(B)(i) requires dismissal if the action is frivolous or malicious.

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). The complaint is wholly conclusory; while the plaintiffs claim that the Texas Medical Board participated in a conspiracy, they plead no facts that would, if true, demonstrate the existence of any such conspiracy. They also plead no facts demonstrating that they suffered any injury as a result of the alleged conspiracy.

In light of the pleadings and Michael G. Peters's litigation history, Peters fails to show that he is eligible to proceed without prepayment of fees. Both plaintiffs fail to assert a claim that has any legal basis. Consequently, this action is **dismissed** pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e). This dismissal counts as a strike for Michael G. Peters under section 1915(g).

SIGNED on January 13, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge